## James Manufacturing Co. v. Rehkopf Saddlery Co. Kirkpatrick Co. v. Rehkopf Saddlery Co.

(Decided November 23, 1911.)

### Appeals from McCracken Circuit Court.

Office and Officer—Sheriff's Neglect in Returning Execution.—The sheriff is without reasonable excuse for not returing an execution within 30 days after the return day, where he holds it up at the request of the defendant in the execution, who insists that there is a mistake in it, over the objection of the plaintiff's attorney; and the sheriff is liable for a penalty of 30 per cent. for not returning the execution within thirty days after the return day.

HENDRICK, MILLER & MARBLE and T. B. McGREGOR for appellants.

BRADSHAW & BRADSHAW, J. C. FLOURNOY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Sustaining motion.

On July 14, 1911, an execution for costs was issued by the clerk of this Court in favor of J. T. Kirkpatrick & Company against E. Rehkopf Saddlery Company, etc., for $78.45, returnable on the first Monday in September. On the same day a like execution was issued in favor of the James Manufacturing Company against the

same parties for $45.05. The executions went into the hands of the sheriff of McCracken county and were not returned by him in time. On October 26th, the plaintiffs in the executions gave notice and entered a motion in this Court for a rule against the sheriff to show cause why damages should not be assessed against him for not returning the executions in 30 days after the return day. The rule was awarded. He filed a response to which the plaintiff filed a reply, and the matter has been submitted for judgment thereon.

The facts are these: When the sheriff got the executions he was advised that none of the defendants in the executions had any property out of which he could make them, but the City National Bank of Paducah had assumed to pay the debts of one of the defendants. It agreed to pay the executions if correct, but insisted that the cost had not been properly taxed, assuring the sheriff that as soon as the court should pass upon a motion to correct the taxation of cost the executions would be satisfied. The attorneys who represented the defendants in the executions took up the matter with the clerk and the clerk suggested that the court not being in session the only way to determine the matter would be to enter a motion in court when it met; and the sheriff understood from them that the clerk approved the holding of the executions until the court could pass upon the motion. The plaintiff's attorney, however, did not agree to this and insisted that the sheriff should go ahead. The sheriff, however, did not go ahead with the executions, and nothing was done until a motion was made in this Court on October 12th, to correct the taxation of cost. The motion was on that day overruled. After the motion now before us was entered on October 26th the sheriff paid the clerk the amount coming to him, but nothing had been paid when the motion was entered for a rule against the sheriff. The statute is as follows:

"Any sheriff or other like officer, in whose hands a writ of execution is placed to do execution thereof, who fails to return the same to the office whence it issued for thirty days after the return day of the same, without reasonable excuse for such failure shall, with his sureties or the personal representatives, heirs or devisees or either, be liable, jointly or severally, to the plaintiff in such execution for the amount thereof, and thirty per centum damages thereon, and costs of recovery. The remedy shall be the same as is given in the

next preceding section. (Section 1716, Kentucky Statutes.)

"The foregoing section shall not apply to any case in which the collecting officer had, at the commencement of the proceeding, paid the plaintiff the amount of the execution, or, if he had paid in part, then the thirty per cent shall only be adjudged against him upon the portion unpaid." (Section 1717, Kentucky Statutes.)

It is evident that the sheriff acted in holding up the executions against the consent of the attorney who represented the plaintiff in the executions; and without reasonable excuse for his failure. He did not return the executions to the office from which they issued within thirty days after the return day. The request of the attorneys for the defendants in the executions did not justify the sheriff in holding the executions as he did. The letter from the clerk of August 19th plainly showed that the clerk did not direct the sheriff to hold the executions but left that matter to the plaintiff's attorney, and this letter was shown to the sheriff, and although the attorney insisted that he should proceed, he failed to take any steps with the execution. The rule is made absolute and a judgment will be entered on each motion against the sheriff for thirty per cent. damages on the amount of each of the executions and the cost of the motion.

Motion sustained.